UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 25 CR 00173-1 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| | ) | |
| NARVEAL RAGGS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RAGGS'S SENTENCING MEMORANDUM**

The Defendant, disagrees with the Probation Department's Sentencing Guidelines calculations put forth in the PSR. The Defense suggests that the base offense level is 20, plus 2 for the gun being stolen, plus 4 for it being possessed in connection with another felony, minus 3 for acceptance for a total offense level of 23. We agree that Raggs has 9 criminal history points and has a criminal history category of IV. The sentencing range is from 70 to 87 months.

The Defendant and the Government agree that the Base offense level is 20 while the Probation Department proposes that it is 22 based on the Defendant having one felony conviction for a crime of violence. The Department is mistaken.

On February 19, 2021, The Defendant was convicted in case number 19CR0426701 under count 1, armed habitual criminal (720 ILCS 5/24-1.7(A)), and count 12, reckless discharge of a firearm (720 ILCS 5/24-1.5(a)). Armed habitual criminal is when a person possesses a firearm after having 2 prior qualifying convictions. "A person commits

reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual." 720 ILCS 5/24-1.5(a)

Crime of violence is defined in Section 4B1.2(a) as any felony that involves the use, attempted use, or threatened use of physical force against another person, or is an enumerated offense. Physical force against another person is not an element of the crime of reckless discharge. Commentary Application Note 2 the discusses how to determine if an offense is a crime of violence for the purposes of 4B1.1 which the Defense suggests is the same procedure for Section 2K2.1(a)(3). Under Note 2 the Court is to look at the "conduct of which the defendant was convicted" not conduct of which the defendant was acquitted as the Probation Department would have it.

When determining whether a prior crime is a crime of violence the Supreme Court has applied the "catagorical approach." This approach looks at the elements of the offense for which the defendant was convicted. *Descamps v. United States*, 570 U.S. 254, 257 (2013). When applying the categorical approach, the court does not look at the facts underlying the conviction. *United States v. Prigan*, 8F.4th 1115, 1119 (9th Cir. 2021) (citation omitted). Reckless discharge has been found to not be a crime of violence under the Guidelines in both *United States v. Gear*, F.3d 810 (7th Cir. 2009) and *Zollicoffer v. United States*, Civil No. 15-03337 (C.D. Ill. Aug 29, 2018).

Case number 19CR0426701 should not be relitagated for purposes of sentencing. Raggs was convicted of reckless discharge which is not a crime of violence. The sentencing range is 70 to 87 months.

The Defendant agrees with the Probation Department's Sentencing Recommendation which is contained in a document filed separately from the PSR. The Department

recommends an 80 months sentence  which is in the middle to upper end of the Guideline

range. We agree with the Section 3553 factors stated in the recommendation. In addition

he has positive Summary Reentry Plan – Progress Report which is attached.

Respectfully submitted,

_/s/  Michael J. Levinsohn____
Michael Levinsohn
Attorney for the Defendant
311 W. Superior, Suite 215
Chicago, IL 60654
(312) 919-0200